UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAISY P. O/B/O C.P.,

                       Plaintiff,

          v.

ANDREW M. SAUL, Commissioner of
  Social Security,

                       Defendant.
_____

**DECISION
and
ORDER**

**19-CV-1434F**
(**consent**)

APPEARANCES:           LAW OFFICES OF KENNETH R. HILLER
                                 Attorneys for Plaintiff
                                 KENNETH R. HILLER and
                                 KELLY ELIZABETH LAGA-SCIANDRA, of Counsel
                                 6000 North Bailey Avenue
                                 Suite 1A
                                 Amherst, New York  14226

                                 JAMES P. KENNEDY, JR.
                                 UNITED STATES ATTORNEY
                                 Attorney for Defendant
                                 Federal Centre
                                 138 Delaware Avenue
                                 Buffalo, New York  14202
                                      and
                                 FRANCIS D. TANKARD and
                                 SBRUTI KUMAR TEJWANI
                                 Special Assistant United States Attorneys, of Counsel
                                 Social Security Administration
                                 Office of General Counsel
                                 601 E. 12th Street
                                 Room 965
                                 Kansas City, Missouri  64106

## **JURISDICTION**

On October 14, 2020, the parties to this action consented pursuant to 28 U.S.C.

§ 636(c) to proceed before the undersigned.  (Dkt. 9).  The matter is presently before

the court on motions for judgment on the pleadings filed by Plaintiff on March 23, 2020 (Dkt. 5), and by Defendant on May 13, 2020 (Dkt. 7).

## BACKGROUND

Daisy P. ("Daisy P.") on behalf of C.P. ("Plaintiff"), her son and a child under the age of 18, brings this action under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision that Plaintiff was not entitled to Children's Supplemental Security Income ("SSI") under Title XVI of the Act ("disability benefits").  In Plaintiff's application for SSI, filed August 18, 2016, Plaintiff, born May 23, 2014, alleged disability as of January 1, 2016 based on speech and language development delays, persistent asthma, and history of chronic ear infections with ear tubes surgically inserted on May 20, 2016.  AR[1] at 141-44, 176, 180.  Plaintiff's claim was initially denied on December 16, 2016, AR at 57-75, and at Plaintiff's timely request, AR at 82-84, on October 12, 2018, an administrative hearing was held via video conference in West Seneca, New York over which administrative law judge William M. Manico ("the ALJ"), presided from Alexandria, Virginia.  AR at 36-56.  Appearing and testifying at the administrative hearing were Daisy P., the infant claimant's mother, represented by Kelly Laga, Esq.

On November 6, 2018, the ALJ issued an unfavorable decision, AR at 12-35 ("ALJ's decision"), which Plaintiff, on November 12, 2018, appealed to the Appeals Council, AR at 135-38, 234-44.  On August 27, 2019, the Appeals Council denied review, AR at 1-6, rendering the ALJ's decision the Commissioner's final determination

---

[1] References to "AR" are to the CM/ECF-generated page numbers of the administrative record filed by Defendant on January 22, 2020 (Dkt. 4).

on the claim.  On October 25, 2019, Plaintiff commenced the instant action seeking judicial review of the ALJ's decision.

On March 23, 2020, Plaintiff moved for judgment on the pleadings (Dkt. 5) ("Plaintiff's motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 5-1) ("Plaintiff's Memorandum").  On May 13, 2020, Defendant moved for judgment on the pleadings (Dkt. 7) ("Defendant's motion"), attaching Commissioner's Brief in Response Pursuant to Local Civil Rule 5.5 for Social Security Cases (Dkt. 7-1) ("Defendant's Memorandum").  Filed on June 3, 2020 was Plaintiff's Response to the Commissioner's Brief in Support and in Further Support for Plaintiff's Motion for Judgment on the Pleadings (Dkt. 8) ("Plaintiff's Reply").  Oral argument was deemed unnecessary.

Based on the foregoing, Plaintiff's Motion is GRANTED; Defendant's Motion is DENIED.

## FACTS[2]

Plaintiff C.P. ("Plaintiff"), born May 23, 2014, was considered an "older infant" as of January 1, 2016, the alleged disability onset date ("DOD"), and August 18, 2016, the date his disability benefits application was filed, 20 C.F.R. § 416.926a(g)(2)(ii) (considering children age 1 to attaining age 3 to be "older infants and toddlers"), and a preschooler as of November 6, 2018, the date of the ALJ's decision.  20 C.F.R. § 416.926a(g)(2)(iii) (considering children age 3 to age 6 as "preschool children").  On February 24, 2016, Plaintiff underwent an early intervention "core" evaluation by

---

[2] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

3

Hearing and Speech of WNY for concerns of delayed speech.  AR at 245-52.  The core evaluation showed Plaintiff with a 25% delay in cognitive development skills and in social-emotional development, AR at 246, 381, in the 1st percentile and more than 2 standard deviations below the mean "suggesting a marked delay in receptive language skills," *id*., in the 5th percentile and more than 1.5 standard deviations below the mean "indicating a substantial delay in expressive language skills," *id*., pragmatic skills were commensurate with Plaintiff's expressive language skills, *id*., and "speech production was assessed by informal observation and professional judgment and found to be markedly limited."  *Id*.  Based on the core evaluation, Plaintiff was determined eligible for New York's Early Intervention Program, *id*., for which an Individualized Family Service Plan for Home ("IFSP") was developed.  AR at 381-83.

On April 18, 2016, Plaintiff was examined by otolaryngologist Christopher Poje, M.D. ("Dr. Poje"), for chronic ear infections with associated delayed speech, and Dr. Poje recommended bilateral tympanostomy tube insertion, AR at 352-53, with Plaintiff undergoing the surgery on May 20, 2016.  AR at 355-56.

On August 25, 2016, Plaintiff underwent his first review under his IFSP which showed no significant improvement in his areas of developmental delay compared to his core evaluation six months earlier.  AR at 384-87.  On October 28, 2016, Dr. Poje examined Plaintiff and found him doing well with his ear tubes, but Daisy P., Plaintiff's mother, expressed concern that despite receiving speech therapy three times a week, Plaintiff did not exhibit improvement but still spoke only five words.  AR at 357.

In connection with Plaintiff's disability benefits application, on November 3, 2016, Plaintiff underwent a speech and language evaluation by speech language pathologist

4

Amy Atwater, M.S. CCC-SLP ("SLP Atwater").  AR at 283-89.  SLP Atwater reported that although Plaintiff initially was cooperative with the test, he became frustrated and had difficulty attending to tasks, cried, and threw toys and was unable to complete the evaluation.  AR at 284.  Plaintiff also was unable to connect words and neither vocal parameters nor fluency could be assessed, *id*., nor could SLP Atwater obtain expressive communication and total language scores, or overall core language score, *id*. at 285, and Plaintiff was unable to use age-level vocabulary such as body parts and clothing.  *Id*.  SLP Atwater continued that Plaintiff's "expressive language skills appear to be delayed compared to age-matched peers on a developmental checklist," *id*. at 286, and that "[t]hese impairments may adversely affect his communication of needs, peer interactions, ability to be understood by others, communication at an age-appropriate level, and ability to follow directions and instructions."  *Id*.  Plaintiff's noncompliance with testing precluded SLP Atwater from assessing the extent of Plaintiff's expressive language and articulation delays.  *Id*.

On December 8, 2016, Plaintiff underwent a child/adolescent intellectual evaluation by psychologist Christine Ransom, Ph.D. ("Dr. Ransom").  AR at 290-95.  Dr. Ransom reported Plaintiff's speech and language skills were in the borderline range, with borderline functioning in his receptive vocabulary, general fund of information, and generalized reasoning, with generalized reading and written language skills projected to be borderline.  AR at 291-92.

On February 25, 2017, Plaintiff underwent his first annual review with regard to his IFSP with services continued.  AR at 388-92.  At a June 27, 2016 follow-up, Dr. Poje reported that Plaintiff's speech was "clear and appropriate for his age."  AR at 355.

By letter to the ALJ dated September 18, 2018, Plaintiff's attorney advised of requests made for further records relevant to Plaintiff's upcoming administrative hearing including speech therapy records relevant to Plaintiff's IFSP from the Cheektowaga Central School District where Plaintiff began attending a pre-K program in September 2018, and through whom Plaintiff then received speech therapy, as well as from Dr. Poje, Industrial Medicine Associates, John R. Oshei Children's Hospital, and Main Buffalo Pediatrics, AR at 240-41, but at the administrative hearing, Plaintiff's attorney stated the records had yet to be received.  AR at 54-55.  The ALJ agreed to hold the record open for two weeks, AR at 55, but when the records were not received, the ALJ issued his decision without the records.  AR at 15.

## DISCUSSION

1.  **Infant Disability Standard and Scope of Judicial Review**

A claimant under the age of 18 seeking disability benefits is "disabled" within the meaning of the Act and entitled to disability benefits when he has a medically determinable physical or mental impairment or combination of impairments resulting in "marked and severe functional limitations . . . and which has lasted or is expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 1382c(a)(3)(C).  Upon review, a district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).  In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported

by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id*. "Congress has instructed . . . that the factual findings of the Secretary,[3] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982). "Under this 'very deferential standard of review,' 'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'" *Bonet ex rel. T.B. v. Colvin*, 523 Fed.Appx. 58, 58-59 (2d Cir. 2013) (quoting *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (italics in original). Indeed, the issue is not whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision*." *Bonet ex rel. T.B.*, 523 Fed.Appx. at 59 (italics in original).

2.     **Disability Determination**

The definition of "disabled" is the same for purposes of receiving Social Security Disability Income and Supplemental Security Income benefits. *Compare* 42 U.S.C. §

---

[3] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

423(d) *with* 42 U.S.C. § 1382c(a).  For claimants under the age of 18, the disability determination is made according to a three-step process.  *See* 20 C.F.R. § 416.924.  The first step requires the ALJ determine whether the claimant is engaged in "substantial gainful activity" ("SGA").  20 C.F.R. § 416.924(b).  The second step requires the ALJ determine whether the child has a severe impairment defined as anything causing "more than minimal functional limitations."  20 C.F.R. § 416.924(c).  The third step requires the ALJ determine whether the claimant's impairment or combination of impairments meets, or medically equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpt. P, Appx. 1.  20 C.F.R. § 416.924(d).  If the ALJ determines the claimant's impairment or combination of impairments meets or equals a listing, the claimant is considered disabled.  20 C.F.R. § 416.924(d)(1).  If the ALJ fails to find the claimant meets or medically equals a listing, the ALJ then, in the alternative, considers whether the claimant's impairment or combination of impairments functionally equals a listing in the context of six domains of functioning including (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being.  20 C.F.R. § 416.926a(b)(1).  Marked limitations in two domains of functioning or an extreme limitation in one domain of functioning constitutes a functional equivalence to a listed impairment.  20 C.F.R. § 416.926a(d).  Further, for purposes of a functional limitation, a "marked" limitation in a domain means an impairment that "seriously" interferes with the "ability to independently initiate, sustain, or complete activities," 20 C.F.R. § 416.926a(e)(2)(i), and an "extreme" limitation in a domain means

an impairment that "very seriously" interferes with the "ability to independently initiate, sustain, or complete activities," 20 C.F.R. § 416.926a(e)(3)(i).

In the instant case, Plaintiff argues the ALJ failed to develop the record with regard to Plaintiff's school and speech/language therapy records resulting in an unacceptable gap in the time between the evidence of record and the ALJ's decision, Plaintiff's Memorandum at 8-15, the ALJ's evaluation of Plaintiff's functioning in the domains of acquiring and using information and interacting and relating to others was not supported by substantial evidence, *id*. at 15-17, and the ALJ improperly failed to find marked limitations in the domain of interacting and relating with others. *Id*. at 17-18. In opposition, Defendant argues substantial evidence in the record supports the ALJ's finding that Plaintiff has less than marked limitations in the domains of acquiring and using information, Defendant's Memorandum at 8-10, and interacting and relating with others, *id*. at 10-12, and the ALJ was not required to further develop the record. *Id*. at 12-13. In reply, Plaintiff repeats the arguments that the ALJ failed to develop the record as it pertains to Plaintiff's school records such that the ALJ's decision was based on an incomplete record, Plaintiff's Reply at 1-5, and the gap in the record prevented the ALJ from properly evaluating Plaintiff's functioning in the child domains of acquiring and using information, and interacting and relating with others. *Id*. at 5-7. A plain review of the record establishes the ALJ failed to develop the record.

"'Although the claimant has the general burden of proving that he or she has a disability within the meaning of the Act, because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record.'" *Munerlyn v. Colvin*, 203 F. Supp. 3d 253, 263–64 (W.D.N.Y.

9

2016) (quoting *Ubiles v. Astrue*, 2012 WL 2572772, at *7 (W.D.N.Y. July 2, 2012) (internal quotations omitted)). The ALJ's obligation to develop the record is "in light of the non-adversarial nature of the benefits proceedings, regardless of whether the claimant is represented by counsel." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (citations omitted). *See also Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (duty to develop the record exists cord exists even when the claimant is represented by counsel). The failure to develop the record can lead to remand. *Rosa v. Callahan*, 168 F.3d 72, 80 (2d Cir. 1999) (remanding matter where record was inadequate to support the denial of benefits). Significantly, the failure to obtain school records can support a remand for failure to develop the record. *Love v. Colvin*, 2016 WL 4086948, at *4 (W.D.N.Y. Aug. 2, 2016) (remanding for further development of the record where missing school counseling records referenced in but missing from the record raised too many questions as to the claimant's disability benefits application); *Cespedes v. Barnhart*, 2002 WL 1359728, at * 4-5 (S.D.N.Y. June 21, 2002) (ALJ is required to make reasonable efforts to obtain updated school records").

In the instant case, despite references to Plaintiff's school records having been requested but not received, the ALJ made no attempt to obtain the records and, instead, issued the ALJ's decision without the benefit of any records which, in light of Plaintiff's young age, would have been very relevant to determining the severity of Plaintiff's speech, communication, and intellectual functioning delays as found by SLP Atwater and Dr. Ransom in late 2016, two years before the administrative hearing. Without updated records generated in connection with Plaintiff's IFSP, it is not possible to find, based on the instant record, the ALJ's determination that Plaintiff has a less than

marked limitation of functioning in the domains of acquiring and using information, and interacting and relating with others is supported by substantial evidence.  Accordingly, the matter is REMANDED for the ALJ to obtain and review all records pertaining to Plaintiff's speech and language therapy received pursuant to the IFSP, including school records, and any other similar program that may have since been utilized for Plaintiff's delays so as to develop a complete record of Plaintiff's speech, communication, and cognitive development issues up to the date of the ALJ's subsequent decision upon remand.  See Cassandra K. v. Comm'r of Soc. Sec., 2019 WL 1115673, at * 10 (N.D.N.Y. Mar. 11, 2019) (remanding with instructions that the ALJ obtain additional medical evidence and consideration of whether the plaintiff was disabled between the application date and the date of the decision on remand).  The court expresses no opinion as to Plaintiff's other arguments raised in the absence of a complete record.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion (Dkt. 5) is GRANTED; Defendant's Motion (Dkt. 7) is DENIED; the matter is REMANDED for further administrative proceedings consistent with this Decision and Order.  The Clerk of Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:	March 10th, 2021
	Buffalo, New York